IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RANDY L. GRAY                           )
                                        )
                    Petitioner,         )
                                        )
v.                                      )          **Case No. CIV 22-076-RAW-KEW**
                                        )
**CARRIE BRIDGES, Warden,**             )
                                        )
                    Respondent.         )

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkts. 7, 1).  Petitioner is

a pro se state prisoner in the custody of the Oklahoma Department of Corrections who

currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma.  He is

attacking his conviction in Pittsburg County District Court Case No. F-2006-242 for Count

1, Oral Sodomy; Count 2, Lewd or Indecent Proposals to a Child; Count 3, Lewd Display of

Pornography to a Child Under 16; Count 4, First Degree Rape by Instrumentation; Count 5,

Lewd Display of Pornography to a Child Under 16; and Count 6, Lewd Molestation.

**Claims for Habeas Corpus Relief**

Petitioner raises the following grounds for relief:

I.      Oklahoma Lacked Jurisdiction.  I have some Indian blood according to
the 10th Circuit Court's Two-Part Test.  My alleged crime was one or more of
the 18 U.S.C. § 1153 Major Crimes Act.  My alleged crime was within 18
U.S.C.'s Indian Country.  And my alleged crime was under Treaty Law of
(1866).

II.     As the state court did not use 19 U.S.C. §§ 1152, 1153 to establish

jurisdiction for the Indian defendant or Victim, they would have committed "{Racial-Prejudicing,}" thereby fulfilling the requirement for the *Strickland v. Washington* (1984), for The United State Supreme Court's "{Ineffective assistance of Counsel,}" as well as the defense attorney did not raise the issue as well committing Ineffective Assistance of Counsel, violating Petitioner's 4th, 5th, 6th, 14th Amendments Rights to a Fair Trial. . . .

III.    State's Violation of United States Constitutional Amendment VI, Right to Speedy Trial, by denial of "Federal Speedy Trial Act, 18 U.S.C.A. §§ 3161-74." . . .

(Dkt. 1 at 5-8).

**Second or Successive Petition**

Respondent alleges this Court lacks subject-matter jurisdiction to consider the petition, because it is second and successive.  The record shows that on September 29, 2010, Petitioner filed his first petition for a writ of habeas corpus challenging his Pittsburg County convictions in this Court's Case No. CIV-10-358-JHP-KEW, and on September 16, 2013, the petition was denied (Dkt. 8-1).  A judgment was entered on the same day (Dkt. 8-2).  On March 25, 2014, the Tenth Circuit Court of Appeals entered an order denying Petitioner a certificate of appealability in Case No. 13-7070 (Dkt. 8-3).

Respondent alleges Petitioner fails to meet his burden of making a prima facie showing that he satisfies the Antiterrorism and Effective Death Penalty Act's (AEDPA) criteria for filing a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)-(3).

Section 2244(b) states:

(1) A claim presented in a second or successive habeas corpus application

2

under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
. . .

28 U.S.C.A. § 2244(b).

Petitioner's claims in the present petition all seem to relate to the Supreme Court's opinion in *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. (2020). He did not present an Indian Country claim attacking the state court's lack of subject-matter jurisdiction in his first habeas petition (Dkt. 8-1, 8-2, 8-3), therefore, his claims must be dismissed, unless he makes a prima

facie showing that he satisfies the criteria in 28 U.S.C. § 2244(b)(2) to warrant transfer to the

Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing

of a second or successive application only if it determines that the application makes a prima

facie showing that the application satisfies the requirements of this subsection."). Petitioner

has failed to do so.

      Petitioner specifically has failed to show that the factual basis for his jurisdictional

claim was undiscoverable by the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(B).

Petitioner clearly is aware of the location where he committed his crimes, and he makes no

effort to explain how or when he became aware of the facts supporting his claim that the

crime scene was located in Indian Country. *See Dopp v. Martin*, No. 18-CV-152-CVE-FHM,

2018 WL 2750228, *2 (N.D. Okla. Jun. 7, 2018) (unpublished) (in the context of a second

or successive habeas petition, § 2244(d)(1)(D) was not applicable because the petitioner

knew his house was located within the Seneca-Cuyoga tribal lands, and his claims stemmed

from the results of a search warrant executed at that house, and his

cited case law existed at the time of his trial and may have supported his claims; his lack of

understanding of the legal significance of the cited authority to his facts did not negate that

he was aware of the factual predicate of his claims). *See also Hunter v. Pettigrew*, No.

20-CV-0367-TCK-JFJ, 2021 WL 1873460, *3 (N.D. Okla. Apr. 2, 2021) (unpublished)

(rejecting a second or successive habeas petition alleging the State of Oklahoma lacked

jurisdiction light of *McGirt* where "Hunter did not obtain the requisite permission to file a

second § 2254 petition challenging the judgment and sentence entered against him in Craig County District Court Case No. CF-2006-37" resulting in "an unauthorized second § 2254 habeas petition that must be dismissed . . . for lack of jurisdiction"). In fact, Petitioner's second proposition, alleging ineffective assistance of counsel, based upon the fact that counsel "did not use 18 U.S.C. §§ 1152, 1153 to establish Jurisdiction for the Indian defendant or victim" is a tacit admission that Petitioner could have previously formulated and raised these exact issues in his prior habeas corpus petition (Dkt. 1 at 7).

The Tenth Circuit analyzed a similar issue in *In re Davis*, No. 21-7030 (10th Cir. July 6, 2021) (unpublished) (Dkt. 8-4). In *Davis*, the Tenth Circuit considered a habeas petitioner's request for authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)(A) to raise an Indian Country claim based on *McGirt*. The Tenth Circuit rejected the petitioner's argument and reasoned, "We may grant authorization if Mr. Davis shows that his 'claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2244(b)(2)(A). He has not made this showing." (Dkt. 8-4 at 2). *See also In re Morgan*, No. 20-6123 at 4 (10th Cir. Sept. 18, 2020) (unpublished) (Dkt. 8-5) (same; second or successive petition based upon *McGirt* was unauthorized where "the Supreme Court has not held that *McGirt* is retroactive").

Consequently, this Court has no subject-matter jurisdiction over Petitioner's successive petition, where he failed to obtain the necessary pre-authorization from the Tenth

Circuit to file it.

**Statute of Limitations**

The Supreme Court made it clear in *McGirt* that state and federal procedural bars still apply to claims concerning Indian Country. *See McGirt*, 140 S. Ct. 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings." (footnote omitted)); *see also id.* at 2481 ("Many other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law."). One such federal limitation is the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d).

Petitioner's judgment and sentence in Pittsburg County Case No. F-2006-242 was affirmed on July 1, 2009 (Dkt. 8-6), and it became final 90 days later on September 29, 2009. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). Therefore, Petitioner had until September 30, 2010, to file his federal habeas corpus petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the one-year statute of limitations begins to run the day after the judgment and sentence is final). Petitioner did not file any applications for post-conviction relief during his statutory year (Dkt. 8-7, Docket Sheet, Pittsburg County District Court Case No.

CF-2006-242).  As stated above, he did file a federal habeas corpus petition, which, as previously discussed, was denied on September 16, 2013 (Dkt. 8-1, 8-2).  This petition had no tolling effect on the statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 172-82 (2001) (holding that the time spent in federal habeas review does not toll the time for filing a subsequent petition).

Contrary to Petitioner's statement that this petition "cannot be waived, and '{MUST}'" be raised at anytime" (Dkt. 1 at 10-11), the petition is subject to the federal statute of limitations.  *See Martin v. Bear*, No. CIV-18-134-JHP-KEW, 2019 WL 1437603 (E.D. Okla. Mar. 29, 2019) (unpublished) (Indian Country claim is time barred); *Berry v. Bragg*, 19-CV-0706-GKF-FHM, 2020 WL 6205849 (N.D. Okla. Oct. 22, 2020) (unpublished) (28 U.S.C. § 2244(d)(1)(C) did not apply to make the habeas petition at issue in that case timely despite the then-recent decision in *McGirt*); *Cole v Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, *2-3 n.4 (N.D. Okla. Apr. 19, 2021) (unpublished) (explaining "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction).  The Western District Court reached a similar conclusion in *Hayes v. Bear*, No. CIV-18-391-D, 2018 WL 2943459 (W.D. Okla. Jun. 12, 2018) (unpublished).  It found that although the petitioner attempted to raise an Indian Country claim, "[n]one of Petitioner's claims are based on newly-discovered facts." *Id*., 2018 WL 2943459 at *2.

This Court recently reaffirmed this principle in two unpublished cases.  *See Lockaby*

*v. Dowling*, No. CIV-21-61-JFH-KEW, 2022 WL 991986 at *2 (E.D. Okla. Mar. 30, 2022) (unpublished) ("More importantly, the OCCA recently denied retroactive application to *McGirt* to cases on collateral review, and the U.S. Supreme Court denied a petition for a writ of certiorari." (citing State ex rel. *Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, No. 21-467, __ U.S.__, 142 S. Ct. 757 (2022); *Hyslop v. Nunn*, No. CIV-21-045-RAW-KEW, 2022 WL 686308 (E.D. Okla. Mar. 8, 2022) (unpublished) ("Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020--the date of the *McGirt* decision--as the starting date for his one year limitation period.").

Therefore, the Petitioner's habeas petition is untimely, and there were no tolling events in the statutory year.

**Equitable Tolling**

In addition, Petitioner cannot demonstrate his is entitled to any equitable tolling to overcome the statute of limitations. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his

claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). "[I]gnorance of the law," however, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Here, Petitioner has presented no argument that he is entitled to equitable tolling. Even if was unaware of the law surrounding Indian Country jurisdictional claims, such ignorance of the law is not an extraordinary circumstance.  The Court finds Petitioner has not been diligent, and he has brought this petition more than eight years after this Court denied his previous petition for a writ of habeas corpus (Dkts. 1, 8-1, 8-2).  He thus is not entitled to equitable tolling.

Furthermore, Petitioner has not demonstrated that he would be entitled to equitable tolling through a claim of actual innocence.  A petitioner's claims of innocence must amount to a "colorable" showing of actual, factual innocence.  *Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997).  *See also McQuiggin v. Perkins*, 569 U.S. 383, 386-387 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  As demonstrated above, Petitioner's entire argument is that the State lacked subject-matter jurisdiction over him because he or his victim is an Indian and his crime occurred in Indian Country, which is, at most, a claim of legal innocence and not a claim of actual, factual innocence within the meaning of *Demarest*.  Thus, Petitioner is not entitled to equitable tolling based upon a claim of actual innocence.

**Unexhausted Claims**

9

Finally, the claims in Petitioner's habeas petition are unexhausted, and the state does not waive the requirement of total exhaustion under 28 U.S.C. § 2254(b)(1)(A) (Dkt. 8 at 14). Petitioner essentially admits that he has not exhausted the propositions raised in this habeas corpus petition, arguing there is a lack of available state corrective process and that he is not required to exhaust state remedies (Dkt. 1 at 12).   A review of the docket sheet for Petitioner's state conviction indicates there have been no new entries in his case since July 25, 2019, nearly a year before *McGirt* was decided.  *See* Oklahoma State Courts Network website at https://www.oscn.net.   Petitioner has made no attempt to exhaust his claims. Because his claims have not been presented to the state courts, including the Oklahoma Court of Criminal Appeals, his petition is entirely unexhausted.  *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.").   Thus, the petition must be dismissed for his failure to exhaust his State remedies.  *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) ("[g]enerally, a federal court should dismiss unexhausted claims").

**Conclusion**

Because this petition is an untimely, unexhausted, second or successive habeas petition, it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims.  This Court should instead exercise its discretion to deny the petition.  *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a

10

transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *See also Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed").

**Motion to Stay**

Petitioner also has filed a one-sentence motion to stay these proceedings pending exhaustion of state remedies (Dkt. 11), which the Court construes as a motion for stay and abeyance of these federal habeas proceedings. To be entitled to a stay, a petitioner needs to demonstrate (1) that good cause exists for his failure to exhaust; (2) that his unexhausted claims are potentially meritorious; and (3) that he has not engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

After careful review, the Court finds that granting a stay and abeyance would be an exercise in futility under the facts and circumstances of this case. As discussed fully above,

the petition is unexhausted, time-barred, and a second or successive petition. Further, Petitioner has not moved in the Tenth Circuit for an order authorizing the district court to consider the application. Moreover, a transfer to the Tenth Circuit for consideration would not be appropriate. Finally, the state court records show that Petitioner has failed to make any efforts to exhaust his habeas claims. For these reasons, Petitioner's motion for stay pending exhaustion of state remedies (Dkt. 11) must be DENIED.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 7) is GRANTED, Petitioner's motion for stay pending exhaustion of state remedies (Dkt. 11) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 15th day of February 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

12